**JOHN D. KAUFMANN**
Attorney At Law
Suite 905 Transamerica Bldg.
177 North Church Avenue
Tucson, Arizona 85701
(520) 623-2016   Fax (520) 623-8715

Arizona State Bar No. 004156
Pima County Computer No. 30436

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR 08-303-TUC-DCB(CRP) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MOTION TO SUPPRESS** |
| | ) | **UNLAWFUL SEIZURE** |
| CHRISTOPHER MATHEW CLEMENTS, | ) | |
| Defendant, | ) | |
| _____ | ) | |

**COMES NOW** Mr. Clements, by and through undersigned counsel of record, John D. Kaufmann, and moves to suppress any evidence seized as a result of Mr. Clements unlawful seizure on October 5th, 2 007. This Motion is made pursuant to the 4th Amendment to the United States Constitution. See attached Memorandum.

# MEMORANDUM

## I. STATEMENT OF THE CASE

Mr. Clements is charged in one count Indictment alleging violation of Title 18, United States Code §2250(a). The Count alleges that Mr. Clements did knowingly fail to register and update a registration as required by the sex offender registration and notification act, after traveling interstate commerce into the State of Arizona in or about October 2007.

## II. STATEMENT OF FACTS

On October 5, 2007 Mr. Clements was seized by police officers from the Tucson Police Department at 665 West 22nd Street in Tucson, Arizona. A Circle K is located at that address. Mr. Clements arrived at the Circle K and exited his vehicle. As he was exiting his vehicle, Mr. Clements was surrounded by several Tucson Police Department officers and arrested. Mr. Clements was handcuffed and his vehicle was searched. No Miranda warnings were given to Mr. Clements. After a search of Mr. Clements and his vehicle produced no drugs or contraband, Mr. Clements was arrested for giving false information to a police officer.

## III. ISSUE

WHETHER THE SEARCH AND SEIZURE OF MR. CLEMENTS VIOLATED THE 4TH AMENDMENT TO THE UNITED STATES CONSTITUTION

REQUIRING SUPPRESSION OF ALL EVIDENCE RECEIVED FROM THE UNCONSTITUTIONAL SEIZURE.

**IV. ARGUMENT**

THE SEARCH AND SEIZURE OF MR. CLEMENTS VIOLATED THE 4TH AMENDMENT TO THE UNITED STATES CONSTITUTION REQUIRING SUPPRESSION OF ALL EVIDENCE RECEIVED FROM THE UNCONSTITUTIONAL SEIZURE.

A person is seized within the meaning of the 4th Amendment if there is a non-consensual contact with police officers. <u>Bredlin v. California</u>, ___ U.S. ___, 127 S.Ct. 2400(2007). A person has been seized if in view of all circumstances surrounding the incident, a reasonable person would believe that he is not free to leave. <u>United States v. Mendenhall</u>, 446 U.S. 544(1981). A seizure occurs when law enforcement makes a verbal or physical show of authority. <u>Terry v. Ohio</u>, 392 U.S. 1(1968).

Mr. Clements complains that his initial seizure by Tucson Police officers was without probable cause or reasonable suspicion. In <u>Terry v. Ohio</u>, <u>supra</u> the Supreme Court recognized that a limited stop and frisk of an individual could be conducted without warrant based upon less than probable cause. A stop must be based on reasonable, articulable, individual suspicion based upon objective facts. A refusal to

cooperate does not constitute a justification for a seizure. *Florida v. Bostick*, 501 U.S. 429(1991).

Founded suspicion for a stop applies to individuals in vehicles. *United States v. Arvizu*, 534 U.S. 266(2002); *United States v. Cortez*, 449 U.S. 411(1981). For some reason, Tucson Police officers elected to stop an harass Mr. Clements on October 5th. There was no reasonable cause or founded suspicion. All evidence seized as a result of an unlawful initial seizure without probable or reasonable cause requires suppression of all evidence as fruit of a poisonous tree. See *Wong Sun v. United States*, 371 U.S. 471(1963).

**RESPECTFULLY SUBMITTED** this 1st day of April, 2008.

                                    *s/ John D. Kaufmann*
                                    John D. Kaufmann
                                    Attorney for Defendant