**JOHN D. KAUFMANN**
Attorney At Law
Suite 905 Transamerica Bldg.
177 North Church Avenue
Tucson, Arizona 85701
(520) 623-2016   Fax (520) 623-8715

Arizona State Bar No. 004156
Pima County Computer No. 30436

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO.  CR 08-303-TUC-DCB(CRP) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MOTION TO SUPPRESS** |
| | ) | **STATEMENTS** |
| CHRISTOPHER MATHEW CLEMENTS, | ) | |
| Defendant, | ) | |
| _____ | ) | |

**COMES NOW** Mr. Clements, by and through undersigned counsel of record, John D. Kaufmann, and requests that this court suppress all evidence seized in violation of *Miranda v. Arizona* and the 5th and 6th Amendments to the United States Constitution.  See attached memorandum.

-1-

# MEMORANDUM

## I. STATEMENT OF THE CASE

Mr. Clements is charged in one count Indictment alleging violation of Title 18, United States Code §2250(a). The Count alleges that Mr. Clements did knowingly fail to register and update a registration as required by the sex offender registration and notification act, after traveling interstate commerce into the State of Arizona in or about October 2007.

## II. STATEMENT OF FACTS

On October 5, 2007 Mr. Clements was seized by police officers from the Tucson Police Department at 665 West 22nd Street in Tucson, Arizona. A Circle K is located at that address. Mr. Clements arrived at the Circle K and exited his vehicle. As he was exiting his vehicle, Mr. Clements was surrounded by several Tucson Police Department officers and arrested. Mr. Clements was handcuffed and his vehicle was searched. No Miranda warnings were given to Mr. Clements. After a search of Mr. Clements and his vehicle produced no drugs or contraband, Mr. Clements was arrested for giving false information to a police officer.

## III. ISSUE

WHETHER STATEMENTS AND EVIDENCE RECEIVED IN VIOLATION OF MR. CLEMENTS 5TH AND 6TH AMENDMENT RIGHTS REQUIRE SUPPRESSION.

### IV. ARGUMENT

STATEMENTS AND EVIDENCE RECEIVED IN VIOLATION OF MR. CLEMENTS 5TH AND 6TH AMENDMENT RIGHTS REQUIRE SUPPRESSION.

Mr. Clements moves to suppress all statements made as a result of law enforcement interrogation without the prophylactic protections guaranteed in *Miranda v. Arizona*, 384 U.S. 436(1966). *Miranda* establishes procedural safeguards to secure the privilege against self incrimination. *Id*. Under *Miranda* defendants must be advised of their 5th Amendment right to remain silent and their 6th Amendment right to counsel before custodial interrogation can begin. *Id*.

Police officers are not required to administer *Miranda* to everyone they question. *Oregon v. Mathiason*, 429 U.S. 492(1977). *Miranda* only applies to custodial interrogation. See *Berkemer v. McCarty*. Custody is defined in *Miranda* as "as soon as the suspect has been deprived of his freedom in any significant way". *Miranda v. Arizona*, supra at 444. This definition was narrowed in *California v. Behler*, to an individual whose freedom is limited to a degree associated with formal arrest. 463 U.S. 1121(1983).

The issue in this case is custodial interrogation. Mr. Clements is seized outside the Circle K by law enforcement. He is removed from his vehicle, searched and handcuffed. He is placed in a sitting position while officer go through his vehicle. Under a totality of circumstances test, a reasonable person would understand

that he is under arrest and not free to go. See *Stansbury v. California*, 511 U.S. 318(1994).

No *Miranda* warnings were given to Mr. Clements. He was interrogated for a period of approximately 30 minutes. No drugs were found on his person. No drugs were found in his vehicle. He was not free to go.

Any evidence seized as a result of violation of Mr. Clements 5th and 6th Amendment rights must be suppressed. Mr. Clements requests this court suppress any statements he made or any fruits gathered as a result of his unlawful custodial interrogation. See *Wong Sun v. Ohio*, 371 U.S. 471(1963).

**RESPECTFULLY SUBMITTED** this 2nd day of April, 2008.

                                         *s/ John D. Kaufmann*
                                         John D. Kaufmann
                                         Attorney for Defendant