1  DIANE J. HUMETEWA
   United States Attorney
2  District of Arizona
   SHELLEY K.G. CLEMENS
3  Assistant U.S. Attorney
   Oklahoma State Bar No. 16567
4  United States Courthouse
   405 W. Congress Street, Suite 4800
5  Tucson, Arizona 85701
   Telephone: 520-620-7300
6  Email: shelley.clemens@usdoj.gov
   Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | CR 08-0303-TUC-DCB(CRP) |
|---|---|
| Plaintiff, | **GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO REPORT AND RECOMMENDATION OF MAGISTRATE RE: SUPPRESSION MOTIONS** |
| v. | |
| Christopher Matthew Clements | |
| Defendants. | |

NOW COMES the United States of America, by its attorneys, DIANE J. HUMETEWA United States Attorney for the District of Arizona and SHELLEY K.G. CLEMENS, Assistant United States Attorney, and hereby submits its response to the Defendant's Objection to Report and Recommendation of the Magistrate re: Suppression Motions. The Government respectfully requests that this court overrule the defendant's objections to the Magistrate's findings and adopt the Magistrate's Report and Recommendation.

**I. FACTS**

The Government would adopt the facts as set forth by the Magistrate in his Report and Recommendation. The government refutes the statements set forth in the defendant's statement of facts. Only one officer approached the defendant inside the Circle K; the plainclothes officer waited at the door. (RT. 05/05/08 P. 70, 71.) The uniformed officer was not used as a show of authority. The defendant was never "surrounded", nor was he escorted

or directed to the side of the building. (RT. 05/05/08, P. 20, 57, 71, 72.) The encounter was a consensual encounter and not an interrogation.

II. **ARGUMENT AND AUTHORITY**

In his objections, the defendant asserts that his arrest, as well as any evidence derived the encounter with law enforcement was an unlawful seizure by law enforcement. The defendant further argues that any statements made by him during the police contact on October 5, 2007, should be suppressed as they were the product of a custodial interrogation and subject to *Miranda* restrictions.

First, the defendant's identity cannot be suppressed, regardless of the legality of the encounter. Second, the contact with the defendant was a consensual, non-custodial encounter to determine his identity and nexus to the structure they had under surveillance. And finally, once the defendant provided false information to the officer, he committed a new offense in the officer's presence which gave the officers has reasonable suspicion to detain him in order to satisfy their suspicions, as well as probable cause to place him under arrest for a state charge of giving false information to a law enforcement officer.

A. **THE DEFENDANT'S IDENTITY IS NOT SUPPRESSIBLE**.

The defendant makes many suppositions regarding the intent of the officers, but he provides no authority refute that the identity of a defendant "is never itself suppressible as a fruit of an unlawful arrest." *United States v. Guzman-Bruno,* 27 F.3d 420, 421 (9th Cir. 1994). In addition, an officer can ask an in-custody defendant for identifying information without first providing Miranda warnings. *Pennsylvania v. Muniz*, 496 U.S. 582, 601 (1990); *United States v. Perez*, 776 F.2d 797, 799 (9th Cir 1985). Even if the defendant were in custody during any part of the contact with law enforcement, neither his identity or any statements from him regarding his identity could be suppressed.

///

///

B. **THE STATEMENTS OF THE DEFENDANT ARE ADMISSIBLE AS PART OF A CONSENSUAL, NON-CUSTODIAL, ENCOUNTER.**

The government also seeks to introduce evidence that the defendant provided two false names, as well as finally admitting his correct identity, while speaking with the officers. The defendant argues that these statements were the result of a custodial interrogation sans *Miranda*, and therefore inadmissible. In his Objections to the Magistrate's Report and Recommendation, the defendant states that the court must focus on whether "the officers knowingly made a show of authority to Mr. Clements inside the convenience store," to support his assertion as to why the defendant did not feel he was free to leave. However, that is not the appropriate inquiry.

It is well established that the Fourth Amendment is not implicated when law enforcement officers merely approach an individual in public and ask him if he is willing to answer questions. *See Muehler v. Mena*, 544 U.S. 93, 101, 125 S.Ct. 1465, 161 L.Ed.2d 299 (2005); *see also Florida v. Royer,* 460 U.S. 491, 497, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); *United States v. Mendoza-Cepeda,* 250 F.3d 626, 628 (8th Cir.2001). See also *Orhorhaghe v. INS*, 38 F.3d 488, 494 (9th Cir.1994). In addition, in order for a statement to be inadmissible pursuant to Miranda, the statement must be the result of a custodial interrogation. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Whether an individual is in custody for purposes of *Miranda* depends on the totality of the circumstances at the time the defendant is interviewed. *United States v. Allen*, 699 F.2d 453, 458 (9th Cir. 1982). A trial court must determine if a reasonable person in the defendant's position would conclude that he was not free to leave. *Id.* at 324; *United States v. Booth*, 669 F.2d 1231, 1235 (9th Cir. 1981). Neither a police officer's subjective intent nor a defendant's unusual susceptibilities are relevant to the inquiry. *Stansbury v. California*, 511 U.S. 318, 323, 325 (1994). The ultimate question, however, is whether there was "a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *Stansbury v. California*, 511 U.S. at 325.

1 One would presume that any time an officer, particularly a uniformed one, approaches someone in the street, that it would be known the officer is in a position of authority. That does not necessarily mean that the encounter is custodial or that the defendant made any non-voluntary admissions. Officer Morin requested the defendant's assistance in answering a few questions, and asked him if he would step outside. (RT 05/05/08 P. 56, 57.) The defendant agreed. (RT 05/05/08 P. 57.) Officer Morin did not lay hands on the defendant and remove him from the Circle K. (RT 05/05/08 P. 59.) The purpose of the inquiry was to establish the defendant's identity, and to determine if he knew anything about the location in question. (RT 05/05/08 P. 40, 46, 50. ) As no time was the defendant restrained or advised he could not leave until he was placed under arrest. As such, there was no Fourth Amendment seizure.

In addition, since he was not seized until after the second false name was given, he was not in custody. As such, any questions asked of the defendant up to that point were part of a non-custodial, consensual encounter, and no Miranda warnings were required.

Even if the court determines that the defendant was "seized" once Officer Morin admonished him of the consequences to tell the truth, at that point, Officer Morin would have been justified from that point forward in detaining the defendant as part of a valid investigatory stop. At that point, the defendant had given the officer false information in the form of a false name, which was a violation of law. The officer would have been justified in detaining the defendant as part of a *Terry* stop to determine what the defendant's true identity was. *See United States v. $25,000 U.S. Currency*, 853 F.2d at 1506-1507. From that point, the detention, if any, lasted no longer than necessary to effectuate the purpose of the detention, which was to determine the defendant's identity.

///

///

///

## IV. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the government respectfully requests that this court deny the defendant's Objections to the Magistrate's Report and Recommendation and adopt the magistrate's recommendation. The defendant's identity cannot be suppressed regardless of the legality of the contact with officers. In addition, there was not an unlawful seizure of the defendant as the contact with the defendant was consensual. His statements were made voluntarily and were the product of a non-custodial interview.

Respectfully submitted,

DIANE J. HUMETEWA
United States Attorney
District of Arizona

*S/ Shelley K.G. Clemens*
SHELLEY K.G. CLEMENS
Assistant U.S. Attorney

Copy of the foregoing served electronically
or by other means this 2nd day of July, 2008, to:

John Kaufmann, Esq.
Attorney for the defendant