**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | CR-08-303-TUC-DCB |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Christopher Matthew Clements, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and the local rules of practice of this Court for hearing and a Report and Recommendation (R&R) on the Defendant's Motions to Suppress. Before the Court is the Magistrate Judge's Report and Recommendation on the Defendant's Motions to Suppress. The Magistrate Judge recommends to the Court that the Motions to Suppress be denied. The Defendant filed Objections to this Recommendation and the Government filed a Response.

Defendant Clements filed two motions related to the events at the time of his arrest in October 2007: a Motion To Suppress Unlawful Seizure and a Motion To Suppress Statements. The Government opposed both motions.

**FACTUAL BACKGROUND**

Defendant's motions address an incident which occurred prior to Defendant's arrest for failure to register as a sex offender in March 2008. Defendant seeks to suppress statements made and identity

established from October 2007, which is proposed as relevant evidence to be admitted by the Government in the current criminal action.

The Court will adopt the factual background contained in the Report and Recommendation:

> On the evening of October 5, 2007, Jobe Dickinson was conducting surveillance in the parking lot of a bank in his capacity as a Tucson police officer. Specifically, he was conducting surveillance on a house while other officers executed a search warrant there. The bank was closed at the time. Defendant Clements was the passenger in a car that drove into the bank parking lot, parked and looked around the area. Dickinson observed Clements walk over to the nearby bus stop and take something out of the trash can. Thereafter, Clements and his friend drove away. Dickinson thought this was suspicious and decided to follow the car Clements was riding in. Clements eventually stopped at the Circle K near 22nd Street and the Frontage Road in Tucson. The driver of the car exited the car and went to the pay phone. Clements went into the store to make a purchase. Dickinson had requested assistance from a uniformed officer. Tucson Police Officer Christopher Morin responded. Morin went into the store and, at Dickinson's direction, asked Clements if he would step outside the store to answer questions. It is disputed concerning whether Clements asked for permission to complete his purchase, but undisputed that he did not complete the purchase. Clements left the store and went to the west side of the store where he was questioned by both Dickinson and Morin, and possibly other officers. Clements was asked his name and date of birth. Twice he gave false names. After giving a false name the second time, Dickinson decided to place Clements under arrest. Thereafter, Dickinson searched Clements' wallet, recovered his Oregon driver's license and determined Clements' correct identity. *Miranda*[1] warnings were never given. Clements did not respond to questions concerning how long he had been in Tucson. At some point after Clements was under arrest, Dickinson searched the car Clements had been riding in. Nothing was seized as a result of the search of the car. After Clements gave the second false name, he made no further incriminating statements.

(R&R at 1-2.)

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

**DEFENDANT'S OBJECTIONS**

The Magistrate Judge found that the first statement of a false name should not be suppressed because Clements was not in custody when the statement was made. As to the second false name given, the issue was whether or not *Miranda* was violated. The Magistrate found that even if Clements was in custody when the second inquiry of his identity occurred, Clements' false response should not be suppressed. The R&R analyzed that the fact of Defendant's identity was never subject to suppression. Further, there was no basis to suppress statements made by the Officers advising Clements of his obligation to register as a sex offender. Finally, after Clements provided a false name for the second time, no incriminating statements were obtained and no other evidence was "seized," consequently the absence of a *Miranda* warning at that juncture was irrelevant.

Defendant challenges that portion of the Magistrate's R&R concerning the time of his seizure. Defendant asserts that his arrest in October 2007, as well as any evidence derived from the encounter with law enforcement was an unlawful seizure by law enforcement. Defendant further argues that any statements made by him during the police contact on October 5, 2007, should be suppressed as they were the product of a custodial interrogation and subject to *Miranda* restrictions.

The Government responds that the Defendant's identity cannot be suppressed regardless of the legality of the contact with officers. In addition, there was not an unlawful seizure of the Defendant as the contact with the Defendant was consensual. His statements were made voluntarily and were the product of a non-custodial interview.

**STANDARD OF REVIEW**

When objection is made to the findings and recommendation of a magistrate judge, the district court must conduct a de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**DISCUSSION**

Defendant's identity is not suppressible. The Supreme Court has held that "[t]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *INS v. Lopez-Mendoza,* 468 U.S. 1032, 1040 (1984); *United States v. Crews*, 445 U.S. 463, 477 (1980) (victim's in-court identification not suppressible despite unlawful arrest of defendant).

Defendant was in custody after he gave the second false name, and although he was never given his *Miranda* rights, no incriminating statements were made after that point in time and no other evidence, other than Defendant's true name and identity were recovered. The courts have repeatedly held that officers can ask an in-custody defendant for identifying information without first providing *Miranda* warnings. *Pennsylvania v. Muniz*, 496 U.S. 582, 601(1990).

Further, if Defendant's claim is that by unlawfully eliciting his identity, the officers would then have unlawfully, as fruit of the poisonous tree, determined that he was a registered sex offender, then that argument is foreclosed by precedent.(TR 86-87, 90-91.) *See United States v. Guzman-Bruno,* 27 F.3d 420, 421 (9th Cir. 1994)(statements made to the arresting officers which led to the government's determination of alienage would not be suppressed); *United States v. Orozco-Rico,* 589 F.2d

4

433, 435 (9th Cir.1978) ("[T]here is no sanction to be applied when an illegal arrest only leads to discovery of the man's identity and that merely leads to the official file or other independent evidence.").

All additional statements were either voluntary or not incriminating. Not every question in a custodial setting constitutes interrogation. *United States v. Gonzalez-Sandoval*, 894 F.2d 1043, 1046 (9th Cir. 1990). The Court does not find any statements made by Defendant in violation of *Miranda*.

## CONCLUSION

Accordingly, after conducting a de novo review of the record,

**IT IS ORDERED** that the Court **ADOPTS** the Report and Recommendation (Doc. No. 42) in its entirety. The Objections (Doc. No. 46) raised by the Defendant are **OVERRULED**.

IT IS FURTHER ORDERED that Defendant's Motion To Suppress Unlawful Seizure (Doc. No. 8) and the Motion To Suppress Statements (Doc. No. 9) are **DENIED**.

DATED this 9th day of July, 2008.

David C. Bury
United States District Judge